UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY E. CORRION,

       Plaintiff,                       CIVIL ACTION NO. 09-13960

      v.                               DISTRICT JUDGE DAVID M. LAWSON

STATE TREASURER OF              MAGISTRATE JUDGE VIRGINIA M. MORGAN
MICHIGAN, KAREN A. CORRION,
and PAUL L. DECOQ,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleges that defendants deprived plaintiff of her right to due process under the United States Constitution. The matter comes before the court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D/E #3). Defendants have not yet been served in this matter and, consequently, did not file a response to plaintiff's motion. For the reasons discussed below, this court recommends that plaintiff's motion be **DENIED**.

-1-

**II. Background**

    **A. Complaint**

On October 7, 2009, plaintiff filed the complaint against defendants (D/E #1). As a preliminary matter, this court would note that the specific facts underlying plaintiff's complaint are largely absent and it is not clear how this action arose. Similarly, the parties and their relationships or interactions with one another are not identified in any detail.

While plaintiff's exact allegations are not clear, plaintiff does allege in her complaint that defendant State Treasurer of Michigan improperly took the joint martial property of plaintiff and her husband, an inmate in the custody of the Michigan Department of Corrections. (Complaint, ¶¶ 6-8) The joint martial property at issue is money formally held in plaintiff and plaintiff's husband's bank accounts. (Complaint, ¶ 7) According to plaintiff, defendant Karen Corrion furnished defendant State Treasurer of Michigan with the bank account numbers in order to cause plaintiff hardship. (Complaint, ¶ 9)

Plaintiff also alleges that defendant Karen Corrion has improperly taken certain property belonging to plaintiff: surviving spouse benefits, pension benefits, medical and dental benefits, and property that was not part of an April 23, 2001 property settlement. (Complaint, ¶¶ 10-13, 15) According to plaintiff, defendant Karen Corrion also "refuses to pay her own attorney fees and costs for litigation that she brings forward but enstead [sic] asks that [plaintiff] pay her cost of litigation with [plaintiff's] martial property, knowingly and intentionally disregarding [plaintiff's] interest in such properties." (Complaint, ¶ 14)

Plaintiff further alleges that defendant Paul DeCocq has abused his authority as a Receiver and improperly seized plaintiff's martial property. (Complaint, ¶¶ 16-17) The martial property allegedly taken by defendant DeCocq consists of money from accounts possessed by plaintiff and her husband. (Complaint, ¶¶ 16-17)

According to plaintiff's complaint, the improper seizures of plaintiff's property by defendants constituted a violation of plaintiff's right to due process. (Complaint, ¶¶ 8, 10,15, 18) As relief, plaintiff requests a return of her property, compensatory damages, and punitive damages. (Complaint, pp. 4-6)

### B.  Pending Motion Before the Court

On December 15, 2009, plaintiff filed a motion for a temporary restraining order and preliminary injunction (D/E #3). In that motion, plaintiff argues that, because defendants have taken all of her money, she is in danger of immediate irreparable injury and she will not be able to pay her mortgage, medical bills for treatment of encephalic shock, utilities, or the costs of taking care of herself and her two dogs. Plaintiff also argues that her husband is in prison and cannot pay the fees required by the appellate court unless her motion is granted. Plaintiff further argues that she has a strong likelihood of succeeding on the merits, defendants will not be substantially harmed if her motion is granted, and that granting her motion is in the public's interest because the public is best served by people, like plaintiff's husband, having access to the courts. As relief, plaintiff requests five percent of the money taken by defendants be turned over to her and that the rest be held by the court.

As discussed above, defendants have not yet been served in this matter and, consequently, did not file a response to plaintiff's motion.

### III. Discussion

Plaintiff makes her motion pursuant to Fed. R. Civ. P. 65. Fed. R. Civ. P. 65 provides:

> (a) Preliminary Injunction.
>
> (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
>
> (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
>
> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after

entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:

    (A) the parties;

    (B) the parties' officers, agents, servants, employees, and attorneys; and

    (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

    (e) Other Laws Not Modified. These rules do not modify the following:

    (1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

    (2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

    (3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.

    (f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

A court considers the same factors in determining whether to issue a temporary restraining order or preliminary injunction. See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. Brunner, 543 F.3d at 361 (quoting Northeast Ohio Coalition for the Homeless v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006). See also Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). The factors are not

prerequisites, but are factors that are to be balanced against each other. United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet, 305 F.3d at 573, citing Leary, 228 F.3d at 739.

In this case, the above factors weigh in favor of denying plaintiff's motion. Plaintiff has not shown a strong likelihood of success on the merits. As discussed above, the specific facts underlying plaintiff's complaint are absent and it is impossible to evaluate plaintiff's complaint without them. Moreover, at least some of plaintiff's claims appear frivolous. For example, plaintiff filed this action under 42 U.S.C. § 1983, but there is no argument or evidence suggesting that either defendant Karen Corrion or defendant DeCocq are state actors.[1] Likewise, plaintiff repeatedly raises issues relating to her husband's criminal appeal or potential petition for habeas corpus without having standing to raise those claims.[2]

---

[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). One acts under color of state law when one exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

[2] To demonstrate constitutional standing, a plaintiff must satisfy three elements: (1) an "injury in fact," which is a concrete harm suffered by the plaintiff that is actual or imminent; (2) a demonstration of "causation," which is a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) a demonstration of "redressability," which is a likelihood that the requested relief will redress the alleged injury. Friends of Tims Ford v. Tennessee Valley Authority, 585 F.3d 955, 966 (6th Cir. 2009).

With respect to the injuries she alleges that she personally suffered, plaintiff has failed to show that she will suffer irreparable harm if the injunction is not issued.  Courts have held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights, see Overstreet, 305 F.3d at 578 (collecting cases), but the Sixth Circuit has also held that a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992).

The last two factors also weigh against granting plaintiff's motion.  With respect to whether the issuance of the injunction would cause substantial harm to others, this court would note that defendants have not yet been served in this matter and plaintiff is asking the court to seize hundreds of thousands of dollars from them.  Similarly, the public interest would not be served by issuing the injunction where the underlying facts of the case are unclear and the defendants have not been served.  Furthermore, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held" Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (quoting Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)), but granting plaintiff's motion requires the court to reverse the *status quo* rather than preserve it.

The above factors are not prerequisites and are to be balanced against each other.  United Food & Commercial Workers Union, Local 1099, 163 F.3d at 347.  Here, all of the relevant factors weigh against plaintiff and plaintiff's motion should be denied.

**IV. Conclusion**

For the reasons discussed above, the court recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D/E #3) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: December 29, 2009

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on December 29, 2009.

              s/J. Johnson
              Case Manager to
              Magistrate Judge Virginia M. Morgan