UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY E. CORRION,

        Plaintiff,                                CIVIL ACTION NO. 09-13960

        v.                                      DISTRICT JUDGE DAVID M. LAWSON

STATE TREASURER OF                   MAGISTRATE JUDGE VIRGINIA M. MORGAN
MICHIGAN, KAREN A. CORRION,
and PAUL L. DECOQ,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY I.F.P. STATUS (D/E #2) AND TO DISMISS THE COMPLAINT WITHOUT PREJUDICE UNDER 28 USC 1915A[1]**

**I. Introduction**

        This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleges that defendants deprived plaintiff of her right to due process under the United States Constitution. The matter comes before the court on Plaintiff's Motion to Waive Filing Fees and to proceed without paying court fees (D/E #2). She also filed a motion for Temporary Restraining Order and Preliminary Injunction (D/E #3) which is the subject of a separate Report and Recommendation (D/E #5). Defendants have not yet been served in this matter and, consequently, did not file a response to

---

[1]In the alternative, and in order to more effectively manage the docket which is currently in place, it is recommended that the Motion to Waive Fees be granted but the case dismissed under 1915A's screening requirement as frivolous and that it fails to state a claim and seeks relief against defendants who would be immune from suit.

-1-

plaintiff's motion. Because denial of a motion to proceed *in forma pauperis* is dispositive, the undersign's authority is limited to a Report and Recommendation on this matter. For the reasons discussed below, this court recommends that plaintiff's motion to proceed I.F.P. be **DENIED** and the case dismissed without prejudice. (But see FN 1)  Plaintiff may refile her complaint upon paying the appropriate court fee and undertake serving defendants.

## II. Background

### A. Complaint

These facts are fully set forth in the Report and Recommendation on the Temporary Restraining Order and are repeated and summarized here for convenience. On October 7, 2009, plaintiff filed the complaint against defendants (D/E #1). As a preliminary matter, this court would note that the specific facts underlying plaintiff's complaint are largely absent and it is not clear how this action arose. Similarly, the parties and their relationships or interactions with one another are not identified in any detail.

While plaintiff's exact allegations are not clear, plaintiff does allege in her complaint that defendant State Treasurer of Michigan improperly took the joint martial property of plaintiff and her husband, an inmate in the custody of the Michigan Department of Corrections. (Complaint, ¶¶ 6-8)  The joint martial property at issue is money formally held in plaintiff and plaintiff's husband's bank accounts. (Complaint, ¶ 7)  According to plaintiff, defendant Karen Corrion furnished defendant State Treasurer of Michigan with the bank account numbers in order to cause plaintiff hardship. (Complaint, ¶ 9)

Plaintiff also alleges that defendant Karen Corrion has improperly taken certain property belonging to plaintiff: surviving spouse benefits, pension benefits, medical and dental benefits, and property that was not part of an April 23, 2001 property settlement.  (Complaint, ¶¶ 10-13, 15)  According to plaintiff, defendant Karen Corrion also "refuses to pay her own attorney fees and costs for litigation that she brings forward but enstead [sic] asks that [plaintiff] pay her cost of litigation with [plaintiff's] martial property, knowingly and intentionally disregarding [plaintiff's] interest in such properties."  (Complaint, ¶ 14)

Plaintiff further alleges that defendant Paul DeCocq has abused his authority as a Receiver and improperly seized plaintiff's martial property.  (Complaint, ¶¶ 16-17)  The martial property allegedly taken by defendant DeCocq consists of money from accounts possessed by plaintiff and her husband.  (Complaint, ¶¶ 16-17)

According to plaintiff's complaint, the improper seizures of plaintiff's property by defendants constituted a violation of plaintiff's right to due process.  (Complaint, ¶¶ 8, 10,15, 18)  As relief, plaintiff requests a return of her property, compensatory damages, and punitive damages.  (Complaint, pp. 4-6)

### B.  Motion for Temporary Restraining Order

On December 15, 2009, plaintiff filed with her complaint and the instant motion, a motion for a temporary restraining order and preliminary injunction (D/E #3).  In that motion, plaintiff argued that, because defendants had taken all of her money, she is in danger of immediate irreparable injury and she will not be able to pay her mortgage, medical bills for treatment of encephalic shock, utilities, or the costs of taking care of herself and her two dogs.

Plaintiff also argues that her husband is in prison and cannot pay the fees required by the appellate court unless her motion is granted.  Plaintiff further argues that she has a strong likelihood of succeeding on the merits, defendants will not be substantially harmed if her motion is granted, and that granting her motion is in the public's interest because the public is best served by people, like plaintiff's husband, having access to the courts.  As relief, plaintiff requests five percent of the money taken by defendants be turned over to her and that the rest be held by the court.  Because defendants have not yet been served in this matter, there is no response to plaintiff's motion.  As discussed in the Report and Recommendation on that motion, that motion lacks any substantial basis upon which it could be granted.

**III. Discussion**

Pursuant to the terms of 28 U.S.C. §1915 and 1915A, a court may waive the fees of the court and direct that officers of the court serve process on defendants if a person presents an affidavit that they are unable to pay court fees.  However, in addition, the court must review the claims and if the complaint is malicious, frivolous, or fails to state a claim upon which relief can be granted , or which seeks monetary relief from a defendant who is immune from such relief, the court shall dismiss such complaint or claims.  §1915A

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* U.S. , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir.2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.' " *Tackett,* 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 557).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985).

In this case, plaintiff's claims are clearly frivolous under 1915A.  To the extent that non-lawyer plaintiff seeks to allege claims on behalf of her incarcerated husband, she lacks standing to pursue them.  In addition, she sues individuals who are appear to be state officers and appears to sue them for action they took in their official capacities.  Thus, any claims against them are claims against the state of Michigan and are barred by Eleventh Amendment immunity.  While it is possible that she may have an action against the state in the Michigan Court of Claims, where Michigan has consented to be sued, she has no such claim in federal court.

As discussed in the Report and Recommendation on the Temporary Restraining Order, plaintiff has not shown a likelihood of success on the merits.  Plaintiff fails to state specific facts underlying her complaint.   Plaintiff seeks to allege jurisdiction under  42 U.S.C. § 1983, but there is no argument or evidence suggesting that either defendant Karen Corrion or defendant DeCocq meet the criteria for such jurisdiction.[2]  Likewise, plaintiff repeatedly raises issues relating to her husband's criminal appeal or potential petition for habeas corpus without having

---

[2]"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted).  One acts under color of state law when one exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

standing to raise those claims.[3]  In addition, it appears that her claims may be designed to avoid the requirements of the PLRA which requires that a prisoner, such as her husband, exhaust his administrative remedies before bringing a claim or avoid the statute of limitations for habeas actions.  See, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2009).

### IV. Conclusion

For the reasons discussed above, the court recommends that Plaintiff's Motion to Waive Filing Fees and Costs (D/E #2) be **DENIED** and the case dismissed without prejudice. She may refile her action by paying the appropriate filing fees and costs and undertaking service.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[3]To demonstrate constitutional standing, a plaintiff must satisfy three elements: (1) an "injury in fact," which is a concrete harm suffered by the plaintiff that is actual or imminent; (2) a demonstration of "causation," which is a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) a demonstration of "redressability," which is a likelihood that the requested relief will redress the alleged injury. Friends of Tims Ford v. Tennessee Valley Authority, 585 F.3d 955, 966 (6th Cir. 2009).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                      S/Virginia M. Morgan
                                      Virginia M. Morgan
                                      United States Magistrate Judge

Dated: January 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on January 5, 2010.

                                      s/Jane Johnson
                                      Case Manager to
                                      Magistrate Judge Virginia M. Morgan