UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY E. CORRION and
JOHN CORRION,

                    Plaintiffs,

Case Number 09-13960
Honorable David M. Lawson
Magistrate Judge Virginia M. Morgan

v.

KAREN ANN CORRION and
MONICA J. COPELAND,

                    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING THE PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING REMAINING PENDING MOTIONS AS MOOT, AND DISMISSING THE CASE WITHOUT PREJUDICE**

This case was filed October 7, 2009 and was referred to Magistrate Judge Virginia M. Morgan for general case management on December 16, 2009. On April 27, 2010, more than five months since filing the complaint, the Court issued an order to show cause why the plaintiffs' case should not be dismissed for failure to serve the defendants in a timely manner. On May 5, 2010, the plaintiffs filed a response in which they explained that they were hoping that the Court would grant their application to proceed *in forma pauperis* and order service by U.S. Marshals Service. The plaintiffs asked that the Court either order the U.S. Marshals to serve the defendants or grant the plaintiffs a three-week extension to accomplish service.

There are several reasons why extension of time for serving the defendants is not prudent at this time. First, the plaintiffs never have requested service by the U.S. Marshals Service. Neither plaintiff Nancy Corrion's motion to waive filing fees and costs nor the two plaintiffs' respective

affidavits of inability to pay court costs and fees ask for service of process by the U.S. Marshals Service expressly.

Second, Magistrate Judge Virginia M. Morgan has filed a report recommending that plaintiff Nancy Corrion's application to proceed *in forma pauperis* be denied and the case dismissed without prejudice under 28 U.S.C. § 1915A. Magistrate Judge Morgan noted that Mrs. Nancy Corrion, who was the sole plaintiff at the time, did not have standing to assert claims on behalf of her incarcerated husband; that her claims against State Treasurer of Michigan and the state receiver, the only two defendants in the case at the time, were foreclosed by sovereign immunity; and that her complaint failed to state specific facts to support a claim under 42 U.S.C. § 1983. Mrs. Corrion did not file objections to the magistrate judge's report and recommendation but instead filed multiple motions including several motions for temporary restraining order or preliminary injunction, a "motion under Rule 60(b)(1) to correct her mistakes as inadvertence and excusable neglect as relief from judgment," a "motion to unencumber the plaintiff's assets," and another motion for appointment of counsel.

Third, as a result of amendments to the complaint, this case now duplicates another matter filed by the plaintiffs. On February 25, 2010 and March 4, 2010, the plaintiff filed two amended complaints adding her husband John Corrion as a co-plaintiff, deleting the state defendants, and adding Karen Ann Corrion and Monica J. Copeland as the new defendants. As a result of these changes, the parties in this case are now identical to another case pending in the district, *Corrion v. Corrion*, No. 10-10669, which was filed on February 17, 2010 and reassigned to the undersigned as a companion to the present case under E.D. Mich. LR 83.11. The allegations in the two cases also are identical: the Corrions allege that defendant Karen Corrion, John Corrion's ex-wife, and her

counsel, defendant Monica J. Copeland, conspired to take the plaintiffs' life savings and their marital property in the form of John Corrion's pension and used John Corrion's nolo contendere plea to secure a $955,000.00 default judgment against him.

Because the plaintiffs did not respond timely to Magistrate Judge Morgan's report and recommendation with specific objections, the Court will adopt the recommendation, deny the plaintiffs' application to proceed *in forma pauperis*, and dismiss the case without prejudice. Under such circumstances, the Court is not inclined to grant the plaintiffs' request for additional sixty days to serve the defendants. The Court recognizes that it has discretion to consider later amendments and motions by the plaintiffs in lieu of proper objections to the report and recommendation and to extend the time for serving the defendants. However, the Court will not make such allowances because the identical case is pending in this Court and the plaintiffs are seeking the same procedural and substantive relief in that matter.

Accordingly, it is **ORDERED** that Magistrate Judge's report and recommendation [dkt. # 5] is **ADOPTED**, the application to proceed *in forma pauperis* [dkt. # 2] is **DENIED**, and the case is **DISMISSED without prejudice.**

It is further **ORDERED** that the plaintiff's motion for temporary restraining order [dkt. # 3], motion for immediate temporary restraining order and preliminary injunction [dkt. # 6], report and recommendation [dkt. # 7], second motion for temporary restraining order and preliminary injunction [dkt. # 9], motion under Rule 60(b)(1) to correct her mistakes as inadvertence and excusable neglect as relief from judgment [dkt. # 10], motion for urgent immediate temporary restraining order [dkt. # 11], motion to unencumber plaintiff's assets [dkt. # 12], motion to appoint

counsel [dkt. # 13], motion for appointment of counsel [dkt. # 14], and urgent immediate motion for temporary restraining order/preliminary injunction [dkt. # 22] are **DISMISSED as moot**.

                                       s/David M. Lawson
                                       DAVID M. LAWSON
                                       United States District Judge

Dated: May 19, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2010.

                         s/Teresa Scott-Feijoo
                         TERESA SCOTT-FEIJOO